IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01187-WDM-PAC

JOHNNY J. QUINTANA,

    Plaintiff(s),

v.

CAPTAIN EDMOND, and
LT. MCCORMICK,

    Defendant(s).

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

O. Edward Schlatter, United States Magistrate Judge

This is a *pro se* prisoner civil rights action under 42 U.S.C. §1983. An October 11, 2006 Order of Reference referred this case to former United States Magistrate Judge Patricia A. Coan to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions. Upon Magistrate Judge Coan's retirement, I assumed her caseload temporarily. The matter before the court at this time is Defendants' Motion to Dismiss in Part [Doc. #16; filed October 10, 2006]. The motion is fully briefed. I have determined that oral argument would not be of material assistance.

I.

Plaintiff is incarcerated at the Buena Vista Correctional Facility ("B.V.C.F.") in Buena Vista, Colorado. (Compl., at 2) Defendant Captain Edmond and defendant Lt. McCormick, are officers at BVCF. (*Id.*)

Plaintiff alleges that since late 2005, defendants Edmond and McCormick have

retaliated against him for filing grievances against them and because of plaintiff's "past history." (*See, generally*, Complaint, and attached grievance dated April 7, 2006) Specifically, Captain Edmond, pursuant to orders from Lt. McCormick, or with his approval, required plaintiff to submit to repeated urine analysis tests; called plaintiff "a liar" in front of other inmates; attempted to get plaintiff fired from his prison job as a dog trainer by falsely telling plaintiff's supervisor that plaintiff had a positive urine analysis test and that plaintiff had been involved in an altercation with the Native American religious coordinator; had plaintiff placed on thirty days probation because of his false statements that plaintiff had a positive urine analysis test; and, filed unspecified false disciplinary charges against plaintiff which resulted in plaintiff's placement in administrative segregation. (Complaint, Cause of Action, Section D, Claims One and Two; attached administrative grievances)

Plaintiff further alleges that Captain Edmond infringed upon his religious rights as a Native American by subjecting plaintiff to multiple urine analysis tests so that Captain Edmond could establish a baseline "positive" test result for illegal tobacco use. (Complaint, Cause of Action, Section D, Claim Three)  Captain Edmond acknowledged that plaintiff is permitted to smoke tobacco as part of his religious practices. (*Id.*)

Plaintiff asserts three claims for relief against the defendants: harassment (claim one); retaliation (claim two); and, "constitutional rights violation" (claim three).  Plaintiff requests punitive damages against each defendant, lost back pay, and an order requiring his release from administrative segregation and transfer to another Department of Corrections facility.

II.

Defendants move to dismiss claims one and three for failure to state a claim upon which relief can be granted because those claims are duplicative of claim two. Defendants also seek dismissal of plaintiffs' claims for monetary relief against the defendants in their official capacities.

I accept plaintiff's well-pleaded factual allegations as true in considering the defendants' Rule 12(b)(6) motion and resolve all reasonable inferences in plaintiff's favor. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see, also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend." *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir.1999).

*Pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleadings if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.* I will not construct legal theories which assume facts that

3

have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor am I obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III.

A.  Official Capacity Claims

Plaintiff's constitutional claims against the defendants in their official capacities are construed as claims against the State of Colorado. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The defendants in their official capacities are immune from claims for monetary and declaratory relief under the Eleventh Amendment. *White v. State of Colorado,* 82 F.3d 364, 366 (10th Cir. 1996); *see, also, Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989)(holding that state officials acting in their official capacities are not "persons" subject to suit under 42 U.S.C. §1983). Accordingly, plaintiff's claims for damages against Captain Edmond and Lt. McCormick in their official capacities should be dismissed.

B.  Personal Capacity Claims

Defendants urge the court to dismiss plaintiff's first and third claims for failure to allege a violation of federal rights actionable under 42 U.S.C. §1983, or, as duplicative of claim two.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his" constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990); *see, also, Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "This principle applies even where the action taken in retaliation would be otherwise

permissible." *Smith,* 899 F.2d at 948.

Defendants thus may not retaliate against plaintiff for exercising his constitutional right of access to the courts, which right includes the filing of administrative grievances against prison officials. *See Smith*, 899 F.2d at 947; *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir.1991). Moreover, because the First Amendment affords inmates the right to reasonable opportunities to exercise their sincerely held religious beliefs, *see Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003), prison officials may not retaliate against plaintiff for practicing his Native American religion.

Construing the allegations of plaintiff's *pro se* complaint liberally and together, I recommend finding that plaintiff is asserting two separate and distinct retaliation claims. First, that defendants Edmond and McCormick retaliated against plaintiff for filing grievances against them. Second, although the facts supporting this claim are not as clear, that defendants retaliated against plaintiff because of plaintiff's Native American religious practices. To the extent plaintiff asserts any other claims of "harassment" against the defendants, those claims are not actionable under §1983 and should be dismissed.

Plaintiff also purports to assert a claim for violation of his First Amendment free exercise rights against defendants Edmond and McCormick. Plaintiff alleges that in April 2006, the defendants required him to submit to urine analysis tests to help prison staff establish a "baseline" positive test result for tobacco use among inmates for whom such use was prohibited. Plaintiff states that he was forced to submit to the tests following his use of tobacco during weekly religious ceremonies. Plaintiff asserts that the urine analyses tests were contrary to DOC regulations which provide for random urine analysis

testing for inmates who have been allowed outside the facility. Plaintiff argues that being forced to participate in the "experiment" infringed upon his First Amendment free exercise rights.

I recommend finding that plaintiff has failed to allege any interference with the practice of his Native American religious beliefs.[1] Plaintiff does not allege that his tobacco smoking rights have been restricted, that he was forced to submit to the urine analyses testing during his religious ceremonies, or that the practice of his religion was otherwise encumbered in any way by the defendants' actions. Accordingly, plaintiff's claim that defendants have violated his First Amendment free exercise rights should be dismissed.

IV.

For the reasons set forth above, it is

**RECOMMENDED** that Defendants' Motion to Dismiss in Part [Doc. #16; filed October 10, 2006] be **GRANTED** as follows:

Plaintiff's First Amendment free exercise claim under 42 U.S.C. §1983 should be DISMISSED.

Plaintiff's claim for damages against the defendants in their official capacities should also be DISMISSED. Claims for prospective injunctive relief are not barred by the Eleventh Amendment. *See White,* 82 F.3d at 366.

The only claims remaining are plaintiff's claims that defendants Captain Edmond

---

[1] To the extent plaintiff would seek leave to amend his complaint to assert a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), his allegations also fail to meet that statute's more demanding standard. *See* 42 U.S.C. §20000cc-1(a)(stating that "[n]o government shall impose a substantial burden on religious exercise of a person residing in or confined to an institution. . .")

<u>and Lt. McCormick retaliated against him because of his administrative grievances and because he exercised his First Amendment right to practice his Native American religion</u>. Plaintiff seeks monetary and prospective injunctive relief for these claims.[2]

All other claims of harassment and retaliation should be DISMISSED for failure to state an actionable claim for relief under 42 U.S.C. §1983.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated May 18, 2007.

                                        BY THE COURT:

                                        <u>s/ O. Edward Schlatter</u>
                                        O. EDWARD SCHLATTER
                                        United States Magistrate Judge

---

[2] I note that further action on the retaliation claims is stayed pending the resolution of *Quintana v. Warden of the Buena Vista Correctional Facility,* Chaffee County District Court Action No. 06-cv-79. *See* Doc. #49.