IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   06-cv-01187-WDM-PAC

JOHNNY J. QUINTANA,

    Plaintiff,

v.

CAPTAIN EDMOND, and LT. MCCORMICK,

    Defendants.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge O. Edward Schlatter[1] (doc no. 51) that Defendants' Motion to Dismiss in Part (doc no 16) be granted. Plaintiff filed an objection to the recommendation and therefore is entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons set forth below, I accept Magistrate Judge Schlatter's recommendation in part.

I have reviewed the pertinent portions of the record in this case, including the complaint, the motion to dismiss and Plaintiff's response, the recommendation, and Plaintiff's objections.  Magistrate Judge Schlatter recommended that some of Plaintiff's claims be dismissed as duplicative, that the claims against Defendants in their official

---

[1] This case was originally referred to former United States Magistrate Judge Patricia A. Coan.  Upon Magistrate Judge Coan's retirement, Magistrate Judge Schlatter assumed this matter.

capacities be dismissed on Eleventh Amendment immunity grounds, and that Plaintiff's claim for infringement of his free exercise of religion pursuant to the First Amendment be dismissed because Plaintiff had not shown any encumbrance on his practice of his Native American religious beliefs. I agree with most of the recommendations, except that I decline to dismiss Plaintiff's First Amendment claim.

In his complaint, Plaintiff describes a variety of alleged harassing and retaliatory actions by the defendants against him because of grievances he has filed. He asserts separate claims for "harassment," "retaliation," and infringement of his religious rights. In the complaint, the First Amendment claim is based on Captain Edmond allegedly singling out Plaintiff for testing out new urinalysis kits because Plaintiff is permitted to smoke tobacco as part of his religious practices. In their motion to dismiss, Defendants argued that all of Plaintiff's claims amount to retaliation and that Plaintiff had failed to allege any facts showing interference with his religious practice. Magistrate Schlatter agreed and concluded that Plaintiff had stated two claims for retaliation: one claim based on alleged retaliation for Plaintiff's filing grievances and the other claim based on alleged retaliation for Plaintiff's practicing his religious beliefs.

In his objections, Plaintiff offers no argument or authority sufficient to demonstrate that the claims against Defendants in their official capacities should not be dismissed. In addition, he does not demonstrate that the alleged claims of harassment are distinct from the retaliation claims and can stand as independent causes of action. However, with respect to the First Amendment claims, he contends that the defendants caused him to be transferred to another facility to be placed in segregation, which deprives Plaintiff of the opportunity to participate in his religious ceremonies. This theory of Plaintiff's case is

again a claim of retaliation and would be subsumed in Plaintiff's existing claims.

Nonetheless, I decline to dismiss Plaintiff's claim that he was unlawfully required to take additional experimental urinalysis tests because of his religion and the corresponding permitted use of tobacco. Although Plaintiff has styled this as a claim under the First Amendment, I must construe a pro se complaint liberally. Plaintiff's alleged facts could demonstrate a violation of Plaintiff's equal protection rights based on either his status as a Native American or because of his religion. Plaintiff has therefore stated a claim on these facts.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Schlatter (doc no. 51) is accepted as modified. Defendants' Motion to Dismiss in Part (16) is granted in part and denied in part. All claims against Defendants in their official capacities are dismissed. Plaintiff's claim of harassment is dismissed. Plaintiff's other claims remain pending.

DATED at Denver, Colorado, on August 8, 2007.

                                                BY THE COURT:

                                                s/ Walker D. Miller
                                                United States District Judge