IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01187-WDM-KLM

JOHNNY J. QUINTANA,

      Plaintiff(s),

v.

CAPTAIN EDMOND, and
LT. MCCORMICK,

      Defendant(s).

_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

      This matter is before the Court on Plaintiff's **Motion for Limited Additional Discovery** [Docket No. 149; Filed June 19, 2008] (the "Motion").  Given the timing of the Motion, Plaintiff requests expedited consideration.  Defendants filed a Response in opposition to the Motion on June 22, 2009 [Docket No. 150], and Plaintiff filed a Reply on the same day [Docket No. 152].  The Motion has been fully briefed and is ripe for resolution.

      This case involves a single retaliation claim brought pursuant to 42 U.S.C. § 1983 against Defendants.  Plaintiff was originally proceeding *pro se*.  After expiration of the discovery deadline on November 17, 2009, counsel for Plaintiff entered their appearance on January 21, 2009 [Docket No. 140].  Counsel immediately moved to reset the trial date of July 27, 2009 to enable them to better assist Plaintiff [Docket No. 142].  Trial was reset to September 8, 2009 [Docket No. 143].  Since that time, Plaintiff has not sought to reopen discovery or petitioned the Court for any assistance to aid his efforts to prepare for trial until

the present Motion.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**.  To the extent that Plaintiff requests leave to reopen discovery for a limited purpose, the Motion is **granted**.  Plaintiff is given leave to interview the named Defendants in this action.  However, considering the late stage of these proceedings and Plaintiff's delay in asserting his request, the Court finds that Plaintiff's requested discovery exceeds what is reasonable and, therefore, to the extent that Plaintiff requests permission to interview four nonparties, the Motion is **denied**.

The Tenth Circuit has set forth a six-part test for determining whether discovery should be reopened.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  Specifically, the Court should consider (1) the imminence of trial; (2) whether the request is opposed; (3) the prejudice to the nonmoving party; (4) whether the moving party was diligent in his efforts to obtain the information within the discovery deadline; (5) the foreseeability that additional discovery would be necessary prior to expiration of the deadline; and (6) whether the proposed discovery is likely to lead to the discovery of relevant information.  *Id.* Given the unique procedural history this case presents, i.e., entry of counsel after expiration of the discovery deadline, I find that factors four and five are not well suited to resolution of the discovery dispute at issue here.  On balance, the Court finds that a consideration of the remaining factors weighs in favor of reopening discovery as to the named Defendants only.  However, no further discovery beyond party discovery shall be permitted.

**Imminence of Trial**

2

As to the first factor, a trial preparation conference is scheduled for August 31, 2009 and trial is set to commence on September 8, 2009.  While the Motion was arguably not filed on the "eve" of trial as Defendants suggest, it was filed significantly close in time thereto to make the requested discovery difficult, if not impossible to accomplish without rescheduling the parties' deadlines, including submission of proposed jury instructions by August 12, 2009 and proposed voir dire by August 24, 2009.  *Compare Response* [#150] at 2, *with Reply* [#152] at 2.

### Defendants' Opposition

As to the second factor, Defendants strongly oppose the request for a number of reasons.   First, although acknowledging that counsel entered their appearance approximately six months ago and after expiration of the discovery deadline, Defendants argue that Plaintiff should have and could have moved to reopen discovery sooner. *Response* [#150] at 2, 7-9.  Second, up to this point, Defendants have worked with Plaintiff to provide voluntary discovery despite having no obligation to do so.  Plaintiff failed to broach the subject of needing additional discovery until mid-June despite knowing that Defendants' counsel was scheduled to be out of town for good part of the month of July. *Id.* at 5-8.  Third, although Plaintiff contends that discovery may not have been necessary given the possibility of settlement, "Defendants' counsel expressly advised Plaintiff's counsel that Defendants' counsel was not optimistic about the chances the case would settle."  *Id.* at 8.  Plaintiff fails to address the merits of Defendants' opposition in his Reply.

### Prejudice to Defendants

As to the third factor, Defendants raise several compelling arguments in relation to the prejudice they will incur as a result of Plaintiff's request.  First, Defendants argue that

3

although Plaintiff contends that conducting interviews will minimize Defendants' burden, the interviews contemplated by Plaintiff are nearly as burdensome as depositions given that they will be conducted under oath and a court reporter must be present.  Further, counsel must also prepare the interviewees in advance and be present while discovery is being conducted which means travel and other expenses, including the expense of paying for expedited transcripts.  *Id.* at 3-4.  However, Plaintiff clarifies in his Reply that he is only seeking to interview the individuals and no longer intends to do so under oath.  *Reply* [#152] at 1.

Second, Defendants argue that the time spent at this stage of the litigation should be rightfully spent preparing the case for trial and preparing materials to meet the Court's upcoming deadlines, not in discovery.  *Response* [#150] at 6-7.  Plaintiff counters that his willingness to interview the individuals without an oath "is a very minimal request that will not cause a significant amount of disruption to Defendants' counsel's work load."  *Reply* [#152] at 2.

Third, Defendants argue that additional discovery at this late stage is unexpected and, therefore, not budgeted into Defendants' counsel's schedule.  Because of previously scheduled commitments, Defendants argue the requested discovery cannot begin at the earliest until July 20, 2009, making it even less likely that the discovery can be readily completed.  *Response* [#150] at 5-6.  Plaintiff counters that his counsel "will work with Defendants' counsel to schedule the interviews around Defendants' counsel's vacation."  *Reply* [#152] at 2.

Considering the parties' arguments, I find that Defendants will be prejudiced by reopening discovery.  There can be no doubt that allowing Plaintiff to take additional

discovery requires Defendants to incur additional and unanticipated expenses, even if just limited to interviews, and will impact their ability to prepare for trial.  Regarding the discovery requested here, I find that Plaintiff's delay based upon the mere chance of settlement was unreasonable and only exacerbated the problem.  According to Plaintiff, his counsel did not attempt to obtain any information from Defendants until mid-April.  *See Motion* [#149] at 3.  Accordingly, the Court is not inclined to condone Plaintiff's self-imposed exigency.  While I ultimately do not believe it is fair to punish Plaintiff for his counsels' strategy, I find that limiting the amount of discovery is the best way to avoid undue prejudice to any party.

### Likelihood That Discovery Will Lead to Relevant Information

As to the sixth and final factor, Defendants do not argue that the discovery is unlikely to lead to relevant evidence.  Although Plaintiff fails to address this factor in any detail, Plaintiff contends that he "should be permitted to prepare for trial by conducting interviews of the Defendants and four other persons with relevant information in order to avoid undue prejudice and manifest injustice."  *Reply* [#152] at 2.  The Court generally credits Plaintiff's conclusory assertion that these individuals may have information that would inform his case.  However, while I agree that discovery should be reopened, Plaintiff has failed to convince the Court that additional discovery beyond party interviews is necessary.

IT IS FURTHER **ORDERED** that on or before **August 10, 2009**, the parties shall arrange and conduct interviews of the named Defendants only.  The interviews shall not exceed three and one-half hours each, and shall be accomplished in a single day if preferred by Defendants.  No further discovery, unless agreed to voluntarily by Defendants,

shall be permitted.

Dated:        June 23, 2009

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge