IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01187-TDL-KLM

JOHNNY J. QUINTANA,

Plaintiff,

v.

CAPTAIN EDMONDS, and
LT. MCCORMAC,

Defendants.

**ORDER**

This matter is before the court on plaintiff Johnny J. Quintana's *pro se*[1] "Motion Appealing Bill of Costs Pursuant to 28 U.S.C. 1920" **[Doc. No. 210]**. The record reflects that the court clerk assessed costs against plaintiff and in favor of defendants Captain Edmonds and Lt. Mick McCormac, as prevailing parties, in the amount of $1,476.30 on February 18, 2010. Plaintiff does not object to the $200.00 costs relating to witness fees, but does object to the remaining costs allowed by the clerk, primarily related to deposition expenses.

Initially, the court rejects plaintiff's argument that the defendants' December 23, 2009 bill of costs was untimely. Citing D.C.Colo. LCivR 54.1, plaintiff argues that the bill of costs is to be filed within ten days after entry of the judgment or

---

[1] Plaintiff's attorneys were permitted to withdraw after the conclusion of the trial. *See* Doc. No. 205.

final order, and since the bill of costs was filed more than ten days after the court's December 11, 2009 judgment, it is time barred. It appears that plaintiff may be relying on an outdated version of Rule 54.1. The current local court rules (effective April 15, 2002 with updates through December 1, 2009) provide that the bill of costs must be filed within <u>14 days</u> after entry of the judgment or final order. The 14 day time period conforms with recent amendments to the Federal Rules of Civil Procedure which became effective on December 1, 2009. The amendments were intended to simplify and clarify the provisions that describe how deadlines are computed. Under the new rules, every day is counted. Here, the court's judgment was entered on December 11, 2009. Since the bill of costs was filed less than fourteen actual days after the date the court's judgment in this case was entered, it was unquestionably timely.[2]

In fact, it appears that plaintiff's motion is itself untimely. Fed. R. Civ. P. 54(d)(1) provides a seven day period to serve a motion to review the clerk's taxation of costs. Plaintiff's motion was filed on March 1, 2009, more than seven days after the clerk's February 18, 2010 taxation of costs. However, given plaintiff's current *pro se* status, and in the exercise of its discretion, the court will proceed to consider plaintiff's motion on the merits.

---

[2] Even if the court were to assume that an earlier version of the court's local rules provided for a ten day time period for filing the bill of costs, the court would conclude that the bill of costs was timely filed under such a rule. This is because prior to December 1, 2009, intervening weekends and holidays were not included in the computation of time whenever the time period for the required event was eleven days or less. Under this method of computation, the bill of costs would be still be timely since the intervening weekend days (a total of four days) would not have been counted.

Section 1920 sets forth the particular costs that the clerk may tax. 28 U.S.C. § 1920. These proper items include: "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;" and "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" § 1920(2) & (4). The party objecting to the clerk's taxation has the burden of persuading the court that it was improper. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2679. The Tenth Circuit has held that § 1920(2) implicitly permits taxation of the costs of video depositions. Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997) (footnote omitted). The Tenth Circuit has also recognized that it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time that the expenses were incurred. Callicrate v. Farmland Industries, Inc., 139 F. 3d 1336, 1340 (10th Cir. 1998). "[C]aution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial." Id.

Plaintiff objects to all costs related to the deposition of witness Kent Johnson. However, as acknowledged by the plaintiff and as confirmed by a review of the court file, plaintiff did not object to the presentation of Mr. Johnson's trial testimony by video deposition. The clerk's taxation of costs for the expense of Mr. Johnson's video deposition was proper, particularly where the parties

agreed to the videotaped testimony in lieu of live testimony. The cost of the exhibit posters that used in conjunction with the presentation of the video deposition at trial was also a necessary expense since the posters enabled the jurors to see the exhibits while viewing the videotaped deposition of Mr. Johnson. Accordingly, the clerk's taxation of the costs of Mr. Johnson's video deposition and the related exhibits used at the trial was appropriate under § 1920.

Plaintiff also objects to the videotaped deposition of one of the defendants in the case, Lt. McCormac. It should be noted that a situation involving Lt. McCormac's health caused the first trial in this matter to end in a mistrial. As noted by plaintiff in his motion, due to the uncertain nature of Lt. McCormac's health, the court ordered that, once his health had sufficiently improved, a video deposition of Lt. McCormac should be taken in advance of the retrial for the purpose of preserving his trial testimony in the event his health status rendered him incapable of testifying at the second trial in this matter. Plaintiff states that the details of Lt. McCormac's health were not shared with him and he could not offer informed input as to the necessity of the video deposition. Plaintiff also argues that the McCormac video deposition was unnecessary since Lt. McCormac actually testified in person during the second trial.

The court is thoroughly familiar with the circumstances regarding Lt. McCormac's videotaped deposition, having presided over the mistrial and the subsequent retrial in this matter. Based upon the facts, the court concludes that

Lt. McCormac's video deposition was necessarily obtained for use in the case. Although Lt. McCormac's health eventually improved to the point that he could testify at the retrial, this outcome was not assured at the time the court ordered that his trial testimony be preserved by way of video deposition. The video deposition of Lt. McCormac was reasonably necessary at the time it was taken. Although it is true that the details surrounding Lt. McCormac's health were not shared with plaintiff or his counsel due to privacy concerns, the court rejects any argument that plaintiff's claimed lack of consent to the deposition rendered it unnecessary. Under the circumstances, there is no reason to deny defendants, as prevailing parties, recovery of the costs associated with the videotaped deposition of Lt. McCormac under § 1920 since it was necessarily obtained for use in the case.

Accordingly, for the reasons stated above, plaintiff's "Motion Appealing Bill of Costs Pursuant to 28 U.S.C. 1920" **[Doc. No. 210]** should be and is hereby **DENIED.**

It is so ordered this 21st day of April, 2010.

_____
TIM LEONARD
United States District Judge